UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CLIFFORD WILKINSON,

                Petitioner,                Case No. 1:13-cv-219

v.                                          Honorable Janet T. Neff

WILLIE O. SMITH,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. <u>Factual Allegations</u>

Petitioner Clifford Wilkinson presently is incarcerated at the Carson City Correctional Facility. In 2004, Petitioner pleaded *nolo contendere* in the Wexford County Circuit Court to operating a motor vehicle while intoxicated causing death, MICH. COMP. LAWS § 257.625(4), and operating a motor vehicle while intoxicated causing serious injury, MICH. COMP. LAWS § 257.625(5). On November 30, 2004, he was sentenced, as a second felony offender, MICH. COMP. LAWS § 769.10, to prison terms of 11 years and 10 months to 22 years and 6 months and 3 years to 7 years and 6 months on the respective offenses.

Petitioner sought leave to appeal his sentences to the Michigan Court of Appeals, arguing that he was entitled to resentencing before a different judge and that the sentencing judge was influenced by improper considerations. The court of appeals denied leave to appeal on February 13, 2004. Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied on July 31, 2006.

On November 5, 2007, Petitioner filed a motion for relief from judgment in the Wexford County Circuit Court, contending that he had been denied his Sixth Amendment rights and that the trial court had abused its discretion in imposing sentence. The circuit court denied the motion on November 8, 2007. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on May 19, 2008 and December 1, 2008, respectively.

Petitioner filed a second motion for relief from judgment on April 1, 2009, asserting violations of the Sixth and Fourteenth Amendments. The circuit court denied the motion on April

6, 2009. The Michigan Court of Appeals dismissed the appeal for lack of jurisdiction, because it was an improper appeal from a successive motion for relief from judgment, which was barred by MICH. CT. R. 6.502(G)(1). The court specifically held that the motion did not meet the exceptions to that rule because it was not based on a retroactive change in the law or newly discovered evidence. After holding the application in abeyance pending the decision in *People v. Feezel*, 783 N.W.2d 67 (Mich. 2010), the Michigan Supreme Court denied leave to appeal on February 7, 2011.

Petitioner filed the instant habeas application on or about February 22, 2013.[1] He raises the following grounds for relief:

  I. Petitioner, Clifford Wilkinson, was denied the right to confront witnesses; the right to effective assistance of counsel; the right to obtain favorable witnesses.

  II. Violation of Fourteenth Amendment – Constitutional Right. . . . Denial of Due Process and the right to Fair Hearing of legal proceedings.

  III. Retroactive change in the law caused by the application of People v. Feezel and purported newly discovered evidence.

(Pet., docket #1, Page ID##6-9.) According the application, Petitioner raised the first ground in his first motion for relief from judgment. He raised the remaining two grounds in his second motion for relief from judgment.

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on February 22, 2013, and it was received by the Court on February 27, 2013. Thus, it must have been handed to prison officials for mailing at some time between February 22 and 27, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 31, 2006. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, October 30, 2006. Petitioner had one year, or until October 30, 2007, in which to file his habeas application. Petitioner filed on February 22, 2013. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred, if the limitations period is calculated based on the date his conviction was final.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing

*McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired on October 30, 2007, his collateral motions filed on November 5, 2007 and April 7, 2009 do not serve to revive the limitations period.

Petitioner argues that the Michigan Supreme Court's decision in *People v. Feezel*, 783 N.W.2d 67 (Mich. 2010),[3] issued June 10, 2010, amounted to a change in the interpretation of Michigan law that triggered the running of the statute of limitations under § 2244(d)(1)(C). As previously discussed, however, § 2244(d)(1)(C) allows calculation of a new limitations period from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." *Id.* Petitioner does not allege the recognition of a new right by the United States Supreme Court. He alleges only a change in the interpretation of state law. As a consequence, the petition is not timely under § 2244(d)(1)(C).

Petitioner next argues that the limitations period should be calculated from the date he became aware of newly discovered evidence. He attaches to his petition the affidavits of a pharmocologist and a physician, who express their opinions concerning the results of Petitioner's contemporaneous blood and urine tests. He also attaches the affidavits of two witnesses, who describe the accident scene immediately after the automobile accident that underlies the conviction. The affidavits, which attempt to undercut the factual basis for Petitioner's plea, were obtained in 2011 and 2012.

---

[3]In *Feezel*, the Michigan Supreme Court determined that 11-carboxy-THC, a metabolite of THC, the active ingredient of marijuana, is not a schedule 1 controlled substance and therefore cannot support a conviction for driving while under the influence of marijuana in violation of MICH. COMP. LAWS § 257.625(8). *Id.*

Petitioner's claim of newly discovered evidence does not trigger a new limitations period as described under § 2244(d)(1)(D). That subsection provides that the limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." At the time he elected to plead guilty in 2005, Petitioner undoubtedly was well aware of whether he was sober at the time of the accident. He has alleged no reason why he could not have sought expert opinion challenging the lab report at the time of his plea. He also does not explain why he could not have obtained the statements of the lay witnesses (his family friends) at the time of his plea. The fact that he chose to plead *nolo contendere* rather than diligently pursue evidence in his own defense does not make the subsequently developed evidence newly discovered within the meaning of § 2244(d)(1)(D). As a consequence, § 2244(d)(1)(D) is inapplicable.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: April 1, 2013            /s/ Ellen S. Carmody
                                                               ELLEN S. CARMODY
                                                               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).