UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD WILKINSON,

    Petitioner,

v.

WILLIE O. SMITH,

    Respondent.

_____/

Case No. 1:13-cv-219

HON. JANET T. NEFF

## OPINION & ORDER

This is a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time barred under the applicable statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner's first objection merely reiterates his prior argument that the Michigan Supreme Court's decision in *People v. Feezel,* 783 N.W.2d 67 (Mich. 2010), constitutes a change in the interpretation of Michigan law that triggered the running of the limitations period under 28 U.S.C. § 2244(d)(1)(C). He asserts that the "Michigan Supreme Court granted Leave to Appeal in People

v. Feezel and denied it in People v. Wilkinson, that showed prejudice" (Pet'r Objs., Dkt 5 at 2). The Magistrate Judge properly concluded that "Petitioner does not allege the recognition of a new right by the United States Supreme Court. He alleges only a change in the interpretation of state law. As a consequence, the petition is not timely under § 2244(d)(1)(C)" (R&R, Dkt 4 at 6). Petitioner's "objection" demonstrates no error in the Magistrate Judge's conclusion.

Petitioner next argues that the

> [l]ower Courts violated Michigan Court Rules when they failed to return Defendant's successive motion as requested by MCR 6.502(G)(1). Such evidence suggest [sic] that the Courts realized the Defendant's appeal was rooted in MCR 6.502(G)(2). That the change in the law certainly warrant a Vacating & Remanding as in Soares and Barkley, infra.

(Pet'r Objs., Dkt 5 at 2). Again, this "objection" merely reiterates the claims in the petition, and fails to pose any specific challenge to the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (disfavoring the practice of incorporating prior arguments into objections to a magistrate judge's report); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious"). Therefore, this objection is denied.

Last, although Petitioner did not raise equitable tolling in his petition, he nonetheless objects to the Magistrate Judge's conclusion that he failed to allege any facts or circumstances that would warrant its application in this case (Pet'r Objs., Dkt 5 at 3; R&R, Dkt 4 at 8). Petitioner argues, for the first time, that his "successive motions should stand as to his exercise of due diligence" (Pet'r Objs., Dkt 5 at 2). Petitioner further asserts that he "diligently pursued the State Court to honor the Supreme Court's change in law for the controlled substance to his case . . . . Petitioner has been pursuing his rights diligently . . . and the circumstances standing in his way being the separation

from outside sources while being incarcerated" (*id.* at 3).

Even assuming arguendo that Petitioner was in diligent pursuit of his rights, he has not borne his burden of establishing the other requisite element for tolling, to wit: "that some extraordinary circumstance stood in his way'" (R&R, Dkt 4 at 7-8, quoting *Holland v. Florida*, 560 U.S. 631; 130 S. Ct. 2549, 2562 (2010)). *See, e.g., McDonald v. Warden, Lebanon Corr. Inst.*, 482 F. App'x 22, 31 (6th Cir. 2012) (determining that incarceration is not an "extraordinary circumstance" inasmuch as "the vast majority of habeas petitioners are incarcerated"). Petitioner's objection therefore fails to demonstrate any error in the Magistrate Judge's conclusion that equitable tolling of the habeas statute of limitations is not justified in this case.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 5) are DENIED and the Report and Recommendation (Dkt 4) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability in this matter is denied.


Dated: October  30 , 2013                    /s/ Janet T. Neff
                                                               JANET T. NEFF
                                                               United States District Judge